By the Court. Bosworth, Ch. J.
The papers on which the order appealed from was made, show that all the interest of David Banks, as Receiver of the East River Bank, in the note in suit, has been transferred, and the note delivered to said bank, and that said bank is the real party in interest in this action. These facts are not controverted, nor is there any attempt, in any of the papers, to controvert either of these facts. Section 121 of the Code confers power, on such a state of facts, to make the order in question.
On the motion for the order, the Justice before whom it was heard declined to investigate the validity of the receiver’s appointment, and refused to look at the application for his appointment with a view to pass upon the question, whether the officer to whom it was addressed and presented, acquired jurisdiction to appoint a receiver.
We think his refusal furnishes no reason for reversing the order appealed from. Had he pursued the course urged by the appellant’s counsel, and determined the questions which he was urged to consider and determine, the plaintiff would, or might have been deprived of a trial of the issues made by the pleadings, by a court and jury.
The action is one for the recovery of money; the issues joined in it are issues of fact, and must be tried by a jury: § 253. They must be tried in open court, after the action has been duly noticed and placed on the calendar.
*693 On such a trial, the question of the validity of the receiver’s appointment, and of his title, may, it is true, be a pure question of law; but the plaintiff’s right to have it determined on the trial of the action, is as clear and absolute, as if the question were one of fact, and to be determined by the jury alone.
The objection, now urged, that the complaint does not state facts sufficient to constitute a cause of action, even if a plausible one, cannot be taken as an answer to every motion that the plaintiff may make, in the orderly course of proceeding, after the action is at issue on issues of fact. It is no answer to a motion for a commission, or to an application for a discovery, or to any of the ordinary motions made in the progress of a trial. It may be taken at the trial, and perhaps on an appeal from the judgment, though not taken at the trial.
But it is quite clear, that after the action is at issue on issues of fact, the defendant cannot, on motion, obtain an order at Chambers or Special Term, dismissing the complaint, on the ground of such a defect in the "complaint.
We think it would have been improper for the Judge, who heard the motion, to have tried and passed upon the question of the receiver's title. . The appellants suffer no prejudice by his refusal to do so. The issues made by the pleadings are unchanged. The appellants, if no order had been made, would have been compelled to try the same issues that they must now try. Ho objection is made, that the substituted plaintiffs are not abundantly responsible for any costs the defendants may recover.
As we understand the argument of the appellants’ counsel, he does not consider their grounds of defence impaired or affected by the order appealed from, if no change shall be made hereafter in the issues to be tried; but he is apprehensive that they may be prejudiced by some inequitable order affecting the issues that may be made hereafter.
We cannot reverse an order, proper in itself, from any such apprehension. It was a matter in the discretion of the Judge, whether he would make the order or not.
Treating the order as appealable, the views already stated are sufficient to dispose of all objections that have been urged against it. If not appealable—a point on which we do not deem it necessary to express an opinion—neither the appellants, who insist that *694 it is appealable, nor the respondents, who insist that it is not, can be prejudiced by the affirmance of the order, instead of a dismissal of the appeal.
The order must be affirmed, with $10 costs.